# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

TODD ERIC GRAVES                                                  PLAINTIFF

v.                                                   CIVIL ACTION NO. 5:16-CV-P51-TBR

BRAD BOYD                                                     DEFENDANT

## MEMORANDUM OPINION

Plaintiff Todd Eric Graves filed this *pro se* complaint under 42 U.S.C. § 1983 while he was incarcerated at the Christian County Jail (CCJ). It appears that he has recently been released from incarceration. This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, this action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff identifies one Defendant in this action, Brad Boyd, the Christian County Jailer. He sues Defendant in his individual and official capacities. Plaintiff seeks monetary and punitive damages for the alleged constitutional violations that he states occurred while he was incarcerated at the CCJ. Plaintiff also requests the Court to "grant injunctive relief by Jailer Brad Boyd."

In his complaint, Plaintiff states as follows:

Christain County vIlaIded KRS Law 441.045 TurNINg phoNes of Law 441.045 Clalenune v. CommoNwealth of KeNtuky shuttINg phower off deNyIN me coNtact wIth my Lawyer.
KRS Law 441.135 CaNteeN profIts Not BeINg put Back IN to the JaILs Reck EquetmeNt
In HumaN LIvINg No Hot Water ON 3/16/16 3/17/16 3/18/16
Over CRowedINg No Stack A BuNks INmate Not 6 INche Off floor. SleepINg Right ON ConcRet.

> Used Razer BeINg Keep For moNth at a tIme IN the same Box Health Hazard to INmates
> Medical Request No MedIcal INtake put Requst IN for medIcal INtake oN 3/16/16 Never seen by Nurse. Put Another Request IN oN 3/17/2016 Never seen by Nurse. MedIcal Naglect Issue ChrIstIaN CouNty INNter FeaRINg with due process of Up ComINt Court case I Have IN INdIana RefusiNg me acess to law lIbrary shuttINg phones off refusINg me attorNey clINt rIghts
> In HumaN LIvINg CoNdItIoNs Black mold IN Cells
> Deputys SpRayINg DaNgers chemecals IN cells

## II. **STANDARD OF REVIEW**

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create

a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>ANALYSIS</u>

#### A. *Individual-Capacity Claims*

Plaintiff names one Defendant in this action, Brad Boyd, the Christian County Jailer. However, Plaintiff makes no allegations against him in his complaint. "It is axiomatic that a complaint under 42 U.S.C. § 1983 must show a causal connection between the named defendants and the alleged constitutional deprivation; the doctrine of *respondeat superior* has no application thereunder." *Cox v. Barksdale*, No. 86-5553, 1986 WL 18435, at *1 (6th Cir. Nov. 13, 1986) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982)). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed even, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also LeMasters v. Fabian*, No. 09-702 DSD/AJB, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009) ("To state an actionable civil rights claim against a government official or entity, a complaint must include specific factual allegations showing how that particular party's own *personal* acts or omissions directly caused a violation of the plaintiff's constitutional rights.") (citing *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999)).

Having failed to allege any conduct on the part of Defendant Boyd that violates Plaintiff's rights, the claims against him in his individual capacity will be dismissed from this action for failure to state a claim upon which relief may be granted.

### B. *Official-Capacity Claims*

### 1. *Medical-Treatment Claim*

Plaintiff states that he submitted a request for medical intake on March 16, 2016, and that he submitted a second request on March 17, 2016. He states that he was "never seen by nurse." He contends this is a medical neglect issue.

Plaintiff's claims pursuant to 42 U.S.C. § 1983 are brought against Defendant only in his official capacity. "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978)). Suing Defendant in his official capacity is the equivalent of suing his employer, Christian County. *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (advising that since the county police department is not an entity which may be sued, the county is the proper party); *Bradford v. Hammond*, No. Civ.A.3:05CVP459-H, 2005 WL 2739154, at *2 (W.D. Ky. Oct. 21, 2005) (construing a claim against Louisville Metro Corrections as one brought against Louisville/Jefferson County Metro Government).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights,*

4

*Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. at 694; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, "a plaintiff must 'identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, as to the claims regarding Plaintiff not being seen by medical, Plaintiff has not alleged this failure resulted from a municipal policy or custom. As nothing in the complaint demonstrates any purported wrongdoing occurred as a result of a policy or custom

implemented or endorsed by Christian County, the complaint fails to establish a basis of liability against the municipality as to this claim, and it fails to state a cognizable § 1983 claim.

Not only has Plaintiff failed to establish that Christian County is not responsible for his lack of being seen by medical, Plaintiff has also failed to state a constitutional violation as to this claim.

The Eighth Amendment's proscription against cruel and unusual punishment prohibits prison officials from deliberate indifference to an inmate's serious medical needs since such indifference constitutes the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976); *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. at 106; *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002).

An Eighth Amendment claim consists of both an objective and subjective component. *Flanory v. Bonn*, 604 F.3d at 253. The objective component requires that the medical need be sufficiently serious. *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). This component is contextually driven and is responsive to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). The subjective component requires that the official's conduct be deliberately indifferent to Plaintiff's serious medical need. *Harrison v. Ash*, 539 F.3d at 518. Deliberate indifference is a "state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

Plaintiff has failed to set forth facts supporting both the objective and subjective components of an Eighth Amendment claim. He fails to state what his medical need was, and he fails to allege any facts showing deliberate indifference on the part of anyone. Accordingly, his

6

medical-treatment claim fails to state an Eighth Amendment claim, and it will also be dismissed for this reason.

## 2. Access-to-Courts Claim

Plaintiff contends that Christian County has interfered with due process in his upcoming Indiana court case by refusing him access to a law library, shutting off the phone, and "RefusINg [him] AttorNey clINt RIghts."

Prisoners do have a constitutional right of access to the courts under the First Amendment. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). In order to state a claim for interference with access to the courts, a plaintiff must show an actual injury. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "'[M]eaningful access to the courts is the touchstone,' and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* (internal citations omitted). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005).

Furthermore, the Supreme Court has held that "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). The Court held in *Christopher* that, "[l]ike any other element of an access

claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

In the present case, Plaintiff fails to allege actual injury or prejudice to his pending criminal action or any other pending legal action or state how any legal action in which he is involved was hindered. Accordingly, Plaintiff's access-to-courts claim fails to state a claim, and this claim will be dismissed.

### *3. Conditions-of-Confinement Claims*

Plaintiff makes five different claims concerning the conditions of his confinement. First, he claims that he had no hot water for three days, from March 16, 2016, through March 18, 2016. Second, he claims that there is overcrowding in the jail, and there are no "Stack A BuNks." Thus, he states that he is not able to sleep six inches off the floor, but must sleep on concrete. Third, he states that razors are used for a month and are stored in the same box. He claims that this causes a health hazard. Fourth, Plaintiff states that there is "Black mold" in cells. Fifth, Plaintiff states that the deputies spray dangerous chemicals in the cells.

"Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. at 9. "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). An Eighth Amendment claim has both an objective and subjective component: (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting

*Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). However, as former Chief Justice Rehnquist remarked, "[i]n short, nobody promised [inmates] a rose garden; and I know of nothing in the Eighth Amendment which requires that they be housed in a manner most pleasing to them . . . ." *Atiyeh v. Capps*, 449 U.S. 1312, 1315-16 (1981).

### a. Lack of Hot Water

Plaintiff contends that he had no hot water for three days, from March 16, 2016, through March 18, 2016. The lack of hot water for this short period of time does not rise to the level of a constitutional violation. *See Hopkins v. Klindworth*, 556 F. App'x 497, 499 (7th Cir. 2014) ("The district court . . . properly dismissed Hopkins's claims relating to the absence of hot water in his cell. Prisoners do not have a constitutional right to hot water under the Eighth Amendment."); *Brooks v. Daniels*, No. 3:12CV-P446-S, 2012 WL 5866453, at *2 (W.D. Ky. Nov. 19, 2012) (finding that Brooks's claim that some cells had no hot water was not a constitutional violation); *Starnes v. Green Co. Sheriff's Dep't*, No. 2:08-CV-244, 2010 WL 2165368, at *3-5 (E.D. Tenn. May 26, 2010) ("The lack of hot water was a temporary inconvenience and is not something which society is unwilling to tolerate. After all, society does tolerate this condition since, even in the free world, hot water interruptions occur . . . .").

### b. Overcrowding and Lack of Elevated Sleeping

Plaintiff claims that there is overcrowding in the jail, and there are no "Stack A BuNks." Thus, he states that he is not able to sleep six inches off the floor, but must sleep on concrete. "[O]vercrowding itself is not necessarily unconstitutional." *Johnson v. Heffron*, 88 F.3d 404, 407 (6th Cir. 1996). It is only unconstitutional if "the overcrowding results in the denial of a basic human need such as food, shelter, or warmth." *Starnes v. Green Co. Sheriff's Dep't*, 2010 WL 2165368, at *5. In the present case, Plaintiff appears to be concerned that he is not

sleeping on an elevated bed. However, a prisoner has no constitutional right to sleep on an elevated bed. *Mann v. Smith*, 796 F.2d 79, 85 (5th Cir. 1986) (finding that the Constitution does not require elevated beds for prisoners); *see also Starnes v. Green Co. Sheriff's Dep't*, 2010 WL 2165368, at *5 (finding no constitutional violation "where the allegation is that plaintiff had to sleep on the floor instead of an elevated bed because of overcrowding").

### c. *Black Mold, Spraying of Chemicals, Use and Storage of Razors*

Plaintiff alleges that he is subjected to "IN HumaN LIvINg CoNdItIoNs" because of "Black mold IN cells." As to razors, he states that razors are used for a month and are stored in the same box. He claims that this causes a health hazard. He also alleges that "Deputys SprayINg DaNgers Chemecals IN cells." As to these alleged conditions, Plaintiff does not state that he has been exposed to the black mold or any of the dangerous chemicals about which he complains or that he has incurred any symptoms related to the black mold, razors, or chemicals about which he complains. Any alleged harm is purely speculative, and a "speculative injury does not vest a plaintiff with standing . . . ." *King v. Deskins*, No. 99-6381, 2000 WL 1140760, at *2 (6th Cir. Aug. 8, 2000).

Further, Plaintiff's allegations as to the black mold, chemicals, and razors do not state a claim. S*ee Abdur-Reheem-X v. McGinnis*, No. 99-1075, 1999 WL 1045069, at *3 (6th Cir. Nov. 12, 1999) (finding that plaintiff's claim that the odor of bleach from cleaning feces from his neighbor's cell was not a health threat "'to be so grave that it violates contemporary standards of decency to expose anyone unwillingly,'" and that "[a]nyone who thoroughly cleans a bathroom is exposed to the strong smell of bleach") (quoting *Helling v. McKinney*, 509 U.S. 25, 36 (1993)); *Baykowski v. Oldham*, No. 90-6812, 1990 WL 126134, at *1 (4th Cir. Sept. 4, 1990) (finding that the district court did not err in dismissing Baykowski's constitutional claim that he

was forced to share razors with up to 25 inmates since he had failed to allege he had suffered any actual injury and was no longer in custody at the same institution); *Voorhees v. Huber*, No. 1:01 CV-76-M, 2010 WL 3211046, at *2 (W.D. Ky. Aug. 12, 2010) (dismissing plaintiff's speculative claim that his exposure to mold in his sleeping area could endanger his health); *Simpson v. Osborne*, 4:09CV P84-M, 2010 WL 2898808, at *3 (W.D. Ky. July 22, 2010) (dismissing plaintiff's claim of potential future harm from mold in the shower as being speculative); *Bey v. Luoma*, No. 2:06-cv-243, 2009 WL 884630, at *3 (W.D. Mich. 2009) (finding no constitutional violation when a prisoner claimed that the smell of human feces subjected him to a grave health risk even though the prisoner alleged that he experienced nausea, migraine headaches, nosebleeds, difficulties breathing, and pain and suffering). Further, Plaintiff is no longer incarcerated at the CCJ. Thus, the threat of future injury from the black mold, chemical exposure, and razors about which he complains does not exist.

### d. 42 U.S.C. § 1997e(e)

There is an additional reason that the conditions-of-confinement claims must be dismissed. Pursuant to the Prison Litigation Reform Act [PLRA], "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). Plaintiff has not alleged the commission of a sexual act. He has also not alleged any physical injury in connection to his conditions-of-confinement claims. Without the showing of some physical injury associated with his claim, these claims fail. *See Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004) (finding that plaintiff's claim that he was uncomfortable after being sprayed with pepper spray was precluded by 42 U.S.C. § 1997e(e) since he failed to show more than a de minimis injury); *Adams v.*

11

*Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003) (affirming the district court's grant of summary judgment in favor of defendant since plaintiff failed to allege any physical injury arising out of the strip searches about which he complained); *Robinson v. Corr. Corp. of Am.*, 14 F. App'x 382, 383 (6th Cir. 2001) (affirming dismissal of claims for "emotional distress, embarrassment, humiliation, and itching" since plaintiff "suffered at most only de minimis physical injury"); *Bey v. Garber*, No. 99-1471, 2000 WL 658721, at *1 (6th Cir. May 12, 2000) (alleged humiliation and embarrassment suffered by inmate seen naked and laughed at by female corrections officers failed to satisfy physical-injury requirement); *Pryor v. Cox*, No. 97-3912, 1999 WL 1253040, at *1 (6th Cir. Dec. 13, 1999) (finding plaintiff's claim of being subjected to bad food, unsanitary conditions, and excessive heat without also claiming he had suffered any physical injury as a result of these conditions was meritless).

In the present case, Plaintiff does not state that he incurred any physical injury from the conditions of confinement about which he complains; thus it appears that he is seeking damages for some sort of unstated emotional or mental injury which is precluded by 42 U.S.C. § 1997e(e).

### C. *State-Law Claims*

In his complaint, Plaintiff alleges that the CCJ violated KRS § 441.045 when it turned the phone off and violated KRS § 441.135 when it failed to put canteen profits "Back IN to the Jails Reck EquetmeNt."

To the extent Plaintiff is attempting to bring state-law claims, the Court declines to exercise supplemental jurisdiction over such claims. Under 28 U.S.C. § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the Court will dismiss the federal claims over which it has original jurisdiction, it will

decline to exercise supplemental jurisdiction over any state-law claims and dismiss them without prejudice. *See Runkle v. Fleming*, 435 F. App'x 483, 486 (6th Cir. 2011) ("[W]hen, as here, 'all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims.'") (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)).

## IV. <u>CONCLUSION</u>

For the reasons stated above, this action will be dismissed by separate Order.

Date:


cc: Plaintiff, *pro se*
 Defendant
4413.003